88 F.3d 1279
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
UNITED STATES DEPARTMENT OF the TREASURY, Bureau of
Engraving and Printing, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
 No. 95-1499.
 United States Court of Appeals, District of Columbia Circuit.
 May 23, 1996.
 
 Before: EDWARDS, Chief Judge, GINSBURG and ROGERS, Circuit Judges.
 
 JUDGMENT
 
 1
 The petition for review and cross-application for enforcement were considered on the record from the Federal Labor Relations Authority, the briefs, and the arguments of counsel. The court is satisfied that appropriate disposition of the case does not call for further opinion.
 
 
 2
 It is ORDERED and ADJUDGED that the petition for review be DENIED and the cross-application for enforcement be GRANTED substantially for the reasons set forth in the FLRA's decision and order, Int'l Ass'n of Machinists and Aerospace Workers, Franklin Lodge No. 2135. et al, Case No. 87, 50 FLRA 677 (July 31, 1995), and for the reasons stated in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The Bureau of Engraving and Printing argues that it need not negotiate wages with employees whose wages are fixed pursuant to the Prevailing Rate Systems Act, 5 U.S.C. § 5349(a), because that Act mandates setting their wages in accordance with, among other factors, the "public interest", and only the Bureau can determine what the public interest is and what effect it should have upon the wages paid to Bureau employees. If the Congress were of that view, however, it easily could have expressed its intention to commit the public-interest factor to the Bureau's sole and exclusive discretion. It did not, and neither the role of the Federal Service Impasses Panel nor the grandfather clause in the Prevailing Rate Systems Act, 5 U.S.C. § 5343 note, persuades us that the public interest factor in § 5349(a) should be treated differently than any other wage-setting factor that became a subject of negotiation when the Congress enacted the Federal Service Labor Management Relations Statute. While we give Chevron deference to neither the FLRA's nor the Treasury's interpretation of 5 U.S.C. § 5349(a), we find the FLRA's interpretation of the relationship between this subsection and 5 U.S.C. § 7117 reasonable and more persuasive than that of the petitioner.
 
 
 5
 The Bureau offers no good reason to believe, and no reason to believe that the Congress believed, that the Impasses Panel cannot or will not accurately determine the public interest if the Bureau and its employees are at loggerheads. As for the significance of the grandfather clause in the PRSA, the Bureau's argument is self-contradictory. True, the employees whose interests are at stake in this case received no benefit from the grandfather clause and are, therefore, fully subject to the terms of § 5349(a), but that subsection does not, contrary to the Bureau's assertion at page 28 of its brief, "set limits on wage levels for non-grandfathered PRSA employees." Indeed, as the Bureau acknowledges on the same page of its brief, "no provision in the PRSA places an upper limit on how high" wages may be set. The PRSA simply prescribes the factors to be considered in determining whether and to what extent a federal employee's wage should differ from the prevailing rate for the services he renders; it does not limit the results of this process. By concluding that the FSLMRS makes those factors suitable topics for negotiation, the FLRA has not undone any limitation imposed by the PRSA.